UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. :

JOSEPH ROSENBERG,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda Company,
ONE SPA WORLD LLC, a Florida Company,
STEINER TRANSOCEAN LIMITED, a Bahamas Company,
STEINER MANAGEMENT SERVICES LLC, a Florida Company,
and MANDARA SPA (CRUISE II), LLC, a Delaware Company;

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH ROSENBERG (hereinafter "Plaintiff"), sues Defendants, NCL (BAHAMAS) LTD, (hereinafter "NCL"), and ONE SPA WORLD LLC; STEINER TRANSOCEAN LIMITED; STEINER MANAGEMENT SERVICES LLC; and MANDARA SPA (CRUISE II), LLC (hereinafter "ONE SPA Defendants") (all collectively hereinafter "Defendants"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, JOSEPH ROSENBERG, is a citizen and resident of New York, New York.

2. Defendant, NCL (BAHAMAS) LTD, is a foreign entity incorporated with its principal place of business in Miami, Florida at 7665 Corporate Center Drive, Miami, Florida 33126.

3. Defendant, ONE SPA WORLD LLC, is a Florida company with its principal place of business at 770 South Dixie Highway, Suite 200, Coral Gables, Florida 33146.

4. Defendant, STEINER TRANSOCEAN LIMITED, is a foreign entity with its principal place of business at 770 South Dixie Highway, Suite 200, Coral Gables, Florida 33146.

5. Defendant, STEINER MANAGEMENT SERVICES LLC, is a Florida company with

its principal place of business at 770 South Dixie Highway, Suite 200, Coral Gables, Florida 33146.

6. Defendant, MANDARA SPA (CRUISE II), LLC, is a Delaware company with its principal place of business at 770 South Dixie Highway, Suite 200, Coral Gables, Florida 33146.

7. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves complete diversity of citizenship under 28 USC §1332.

8. At all times material hereto, Defendant NCL, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
   b. Was engaged in substantial and not isolated activity within this state;
   c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
   d. Committed one or more of the acts stated in Fla. Stat. §§48.081, 48.181, or 48.193;
   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
   f. Operated vessels in the waters of this state;
   g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard NORWEGIAN GETAWAY.

9. Defendant NCL is subject to the jurisdiction of the courts of this state.

10. At all times material hereto, Defendant NCL owned, operated, managed, maintained, and/or controlled NORWEGIAN GETAWAY.

11. At all times material hereto, Defendant NCL had custody and control of NORWEGIAN GETAWAY.

12. At all times material hereto, ONE SPA Defendants, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
   b. Was engaged in substantial and not isolated activity within this state;
   c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
   d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
   f. Operated vessels in the waters of this state;
   g. Defendant was engaged in the business of providing to the public and Plaintiff

2

in particular, for compensation, spa/sauna services aboard NORWEGIAN GETAWAY.

13. Defendants ONE SPA are subject to the jurisdiction of the courts of this state.

14. At all times material hereto, Defendants NCL and ONE SPA had joint custody and control of the spa, sauna facilities, and spa/sauna employees aboard NORWEGIAN GETAWAY.

15. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

16. On or about November 25, 2021, Plaintiff was a passenger aboard NORWEGIAN GETAWAY which was in navigable waters.

17. On or about November 25, 2021, Plaintiff was on Deck 15 in the Spa in the sauna. Plaintiff, over the course of his eight two (82) years has been in numerous saunas his entire life. To raise the temperature in the sauna Plaintiff, as typical in saunas, grabbed a ladle and placed it in a bucket of water which was next to the hot stones / coals in the sauna – again as is typical of a sauna and was going to carefully spread the water on the hot rocks / coals to again raise the temperature in the sauna.

18. As Plaintiff began to distribute the water on the hot stones/coals a jet of hot steam came directly out of the bed of stones/coals and struck the Plaintiff directly on his right arm, hand, and wrist causing him to become startled. Plaintiff, as a direct result of the extremely hot jet of steam, stumbled backward in the sauna to brace himself and injured his right arm/wrist.

19. Plaintiff, who is very familiar with saunas, had carefully poured the water on the sauna's stones/rocks/coals in a slow and careful manner. The "jet" of steam was not the "usual" steam that occurs when the temperature in a sauna is rising but was direct jet of steam that struck him directly on the arm and came flying out of the sauna when the water was placed upon it. This was atypical for the functions of a working sauna.

20. Consequentially, Plaintiff sustained injury injuries to his right arm / hand / and wrist which consisted of second degree burns to his right hand, arm, and face, and a broken finger on the

right hand as well as a sprain of the right hand.

21. Plaintiff reported his injuries immediately and his hand was placed in a soft cast. Eventually, the Plaintiff was seen at the ship's infirmary no less than seventeen (17) times over the course of the cruise for the changing of the dressing on his right hand where the burns were.

22. Further, Plaintiff also was seen ashore in Greece on November 28, 2021, where his hand, incorrectly, was placed in a hard cast – eventually upon his return to the ship the physicians on the NORWEGIAN GETAWAY placed it back in a "soft" cast.

23. The next day – November 26, 2021- the sauna was closed and an "out of order" sign was placed on the door. The sauna clearly was malfunctioning.

24. As a further consequence, once the ship was back in Miami, Plaintiff returned home to his native New York where he is receiving further medical including further physical therapy, medicinal therapy, a wrist splint, injections, radiographs, and was diagnosed with a tendon tear in his right wrist / forearm.

25. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

**COUNT I – NEGLIGENCE (FAILURE TO INSPECT/MAINTAIN/ SERVICE) AS TO NCL**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-five (25) as though fully alleged herein.

26. At all times material, Defendant NCL owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989). This duty of reasonable care mandates that Defendant not maintain its ship – in this case, the sauna, in a dangerous condition.

27. On or about November 25, 2021, Defendant, and/or its agents, employees, and

servants breached its/their duty to maintain the subject sauna in a reasonably safe condition by failing to inspect the subject sauna on a routine basis, and/or by failing to repair the subject sauna, and/or by failing to routinely maintain the subject sauna, or a combination of the three (3) above.

28. On or about November 25, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants in failing to exercise reasonable care as follows:

   a. Failure to inspect, maintain, monitor, and repair the subject sauna so that it functioned properly and was reasonably safe for use by passengers, including Plaintiff; and/or

   b. Failure to take reasonable precautions to keep the sauna where Plaintiff was injured in a safe and reasonably functioning manner which rendered the sauna unsafe for Plaintiff.

29. Immediately after this incident, Plaintiff knew, from his experience in life and using saunas, that there was a malfunction with the particular sauna as "jets" of hot steam are not supposed to shoot out directly at an individual. This could have only occurred as a result of a malfunction which would have become known to Defendant had it conducted reasonable inspection, maintenance, and monitoring and/ or repairs of the sauna.

30. Defendant created the foregoing conditions causing Plaintiff's accident.

31. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

32. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. Despite this, Defendant failed to take steps as a result of prior similar incidents to reduce and/or prevent the accident suffered by Plaintiff.

33. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions;

incurred medical expenses in the care and treatment of Plaintiff's injuries both past and future; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## **COUNT II – FAILURE TO WARN AS TO NCL**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-five (25) as though fully alleged herein.

34. At all times material, Defendant NCL owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986). Although part of reasonable care, this duty to warn is separate and apart from the duty to maintain its ship in a reasonable condition. *Carroll v. Carnival Corp.,* Case No. 17-13602 (11th Cir. April 15, 2020).

35. On or about November 25, 2021, Defendant, and/or its agents, employees, and servants breached its/their duty to warn Plaintiff of a dangerous condition which was not apparent to him but of which Defendant either knew because its crewmembers were tasked to maintain/inspect/service and repair the subject sauna, or, in the exercise of reasonable care, should have known because of prior similar incidents/complaints and/or instances of the sauna not working properly.

36. On or about November 25, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

    a. Defendant's failure to warn Plaintiff of a dangerous, non-obvious condition by means of a warning sign or otherwise closing the sauna for use by guests as a consequence of a condition of which Defendant knew or, in the exercise of reasonable care, should have known as Defendant was responsible for

6

inspecting/maintaining/servicing and repairing the sauna.

37. Defendant created the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions.

38. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition.

39. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. Despite this, Defendant failed to take steps as a result of prior similar incidents to warn its passenger, including Plaintiff, of this condition.

40. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries both past and future; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

**COUNT III – VICARIOUS LIABILITY AGAINST NCL
(BASED UPON APPARENT AGENCY)**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-five (25) as though fully alleged herein.

41. At all times material hereto, Defendant owned, operated, controlled, and/or maintained the spa/sauna facility aboard NORWEGIAN GETAWAY, and was responsible for selecting, purchasing, and maintaining the spa/sauna equipment contained therein and for selecting

7

and hiring ONE SPA Defendants to provide personnel to work in the spa/sauna facility. Defendant held out to passengers, including Plaintiff, the spa/sauna facility as its own.

42. That at all times material, Defendant held out the spa/sauna staff as being its employees who work in its spa/sauna facility on the vessel. That Defendant promotes its spa/sauna facilities and represents them as being staffed by its employees through its web site, internet advertising, and on the vessel. Although the spa/sauna employees are recruited by ONE SPA Defendants, they are treated by Defendant as members of the ship's crew and held out to passengers, including Plaintiff, as members of Defendant's crew.

43. That Defendant promotes the idea that the spa/sauna staff who work in its spa/sauna facility are employed by Defendant as part of a marketing tool to induce passengers, such as Plaintiff, to buy cruises on its ships, particularly because many passengers, as part of their vacations, make use of spa/sauna facilities.

44. That Defendant manifested to Plaintiff that its spa/sauna facility staff were acting as its employees and/or apparent agents in various ways, including but not limited to the following:

   a. The spa/sauna staff worked at what Defendant describes in its advertising as its spa;
   b. The spa/sauna facilities are constructed and owned by Defendant, which supplies the spa/sauna equipment;
   c. Passengers are billed directly by Defendant through the passengers' on-board account;
   d. Defendant sets the hours of operation of its spa/sauna and sets the work hours of its spa/sauna staff;
   e. That the spa/sauna staff are considered members of the crew of Defendant's ship; and/or
   f. That Defendant put the spa/sauna staff under the control of the ship's superior officers, including the Master of the ship.

45. At no time did Defendant represent in any meaningful way to Plaintiff, or the ship's passengers in general, that the spa/sauna facility was not owned/operated by Defendant or that the spa/sauna staff were not agents or employees of Defendant, and were instead allegedly independent contractors.

46. Defendant is estopped from denying that the spa/sauna facility was not its own and

that the spa/sauna staff was its apparent agent and/or apparent employee and/or apparent servant.

47. That at all times material hereto, Plaintiff reasonably relied upon the above described representations of the Defendant which gave rise to his reasonable belief that the spa/sauna facility was owned and operated by Defendant, which induced his reliance upon such appearance of agency and accordingly, Defendant is vicariously liable for negligence occurring in its spa/sauna facility and for the negligence of its apparent agents in providing services to Plaintiff and set forth in detail above and incorporated herein by reference under the principles of apparent agency set forth in *Franza v. Royal Caribbean Cruise Ltd.*, 772 F.3d 1225 (11th Cir. 2014).

48. That Plaintiff at all times detrimentally relied upon the above described representations of Defendant by purchasing the subject cruise and making use of the sauna, reasonably believing that it was owned and operated by Defendant and that the spa/sauna staff were its employees.

49. That Defendant is vicariously liable under the principles of apparent agency for the acts and omissions of its apparent agents, servants, and employees, and breached its duty to exercise reasonable care under the circumstances owed to Plaintiff and was negligent and careless by committing the following acts and/or omissions including but not limited to in one or more of the following ways:

    a. Failure to exercise reasonable care for Plaintiff's safety; and/or
    b. Failure to provide Plaintiff with a reasonably safe spa/sauna facility, particularly the sauna itself; and/or
    c. Failure to inspect, maintain, and/or monitor the operation of the sauna, the services offered in the sauna itself, and the agents/employees offering the sauna services so as to ensure passengers, including Plaintiff, were provided with a sauna which was properly functioning and safe; and/or
    d. Failure to adopt or promulgate policies and procedures for the safe operation of its saunas and its services; and/or
    e. Negligently hiring and retaining incompetent staff to monitor and operate the sauna contrary to the applicable standard of care in the industry, resulting in harm to Defendant's passengers, including Plaintiff; and/or
    f. Failure to properly train its agents/employees in the operation and upkeep of the sauna; and/or
    g. Failure to properly oversee and supervise its agents/employees in the operation and upkeep of the sauna; and/or

    h. Failure to warn Plaintiff of the dangers of the sauna which Defendant, and/or its agents, employees, and/or servants caused; and/or

    i. Failure to warn Plaintiff of the dangers of the sauna of which Defendant had actual knowledge of and was on notice of; and/or

    j. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident Plaintiff suffered; and/or

    k. Providing sauna services to Defendant's passengers, including Plaintiff, while attempting to waive its own liability contrary to general maritime law and 46 USC §30509.

50. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries both past and future; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

## COUNT IV – NEGLIGENCE (FAILURE TO INSPECT/MAINTAIN/ SERVICE) AS TO ONE SPA DEFENDANTS

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-five (25) as though fully alleged herein.

51. At all times material, Defendants ONE SPA owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989). This duty of reasonable care mandates that Defendant not maintain its sauna in a dangerous condition.

52. On or about November 25, 2021, Defendant, and/or its agents, employees, and servants breached its/their duty to maintain the subject sauna in a reasonably safe condition by failing to inspect the subject sauna on a routine basis, and/or by failing to repair the subject sauna, and/or

by failing to routinely maintain the subject sauna, or a combination of the three (3) above.

53. On or about November 25, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants in failing to exercise reasonable care as follows:

   a. Failure to inspect, maintain, monitor, and repair the subject sauna so that it functioned properly and was reasonably safe for use by passengers, including Plaintiff; and/or

   b. Failure to take reasonable precautions to keep the sauna where Plaintiff was injured in a safe and reasonably functioning manner which rendered the sauna unsafe for Plaintiff.

54. Immediately after this incident, Plaintiff knew, from his experience in life and using saunas, that there was a malfunction with the particular sauna as "jets" of hot steam are not supposed to shoot out directly at an individual. This could have only occurred as a result of a malfunction which would have become known to Defendant had it conducted reasonable inspection, maintenance, and monitoring and/ or repairs of the sauna.

55. Defendant created the foregoing conditions causing Plaintiff's accident.

56. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

57. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant. Despite this, Defendant failed to take steps as a result of prior similar incidents to reduce and/or prevent the accident suffered by Plaintiff.

58. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries both past and future; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will

suffer the losses and impairments in the future. Further, Plaintiff lost the value of his cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

### COUNT V – FAILURE TO WARN AS TO ONE SPA DEFENDANTS

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through twenty-five (25) as though fully alleged herein.

59. At all times material, Defendants ONE SPA owed Plaintiff a duty of reasonable care under the circumstances, which includes a duty to warn of hidden dangerous conditions known or, in the exercise of reasonable care, knowable to Defendant. *Poole v. Carnival Corp.,* Case No. 14-20237-Cooke/Torres (S.D.Fla. Apr. 8, 2015); *Luby v. Carnival Cruise Lines, Inc.,* 633 F.Supp. 40 (S.D.Fla. 1986), *aff'd,* 808 F.2d 60 (11th Cir. 1986). Although part of reasonable care, this duty to warn is separate and apart from the duty to maintain its sauna in a reasonable condition. *Carroll v. Carnival Corp.,* Case No. 17-13602 (11th Cir. April 15, 2020).

60. On or about November 25, 2021, Defendant, and/or its agents, employees, and servants breached its/their duty to warn Plaintiff of a dangerous condition which was not apparent to him but of which Defendant either knew because its crewmembers were tasked to maintain/inspect/service and repair the subject sauna, or, in the exercise of reasonable care, should have known because of prior similar incidents/complaints and/or instances of the sauna not working properly.

61. On or about November 25, 2021, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

    a. Defendant's failure to warn Plaintiff of a dangerous, non-obvious condition by means of a warning sign or otherwise closing the sauna for use by guests as a consequence of a condition of which Defendant knew or, in the exercise of reasonable care, should have known as Defendant was responsible for inspecting/maintaining/servicing and repairing the sauna.

62. Defendant created the foregoing conditions causing Plaintiff's accident but did not

12

warn Plaintiff of the hidden dangerous conditions.

63. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident, but did not warn Plaintiff of the hidden dangerous conditions, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned Plaintiff of the hidden dangerous condition.

64. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant, such that Defendant was under an obligation to warn Plaintiff. Despite this, Defendant failed to take steps as a result of prior similar incidents to warn its passenger, including Plaintiff, of this condition.

65. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain both past and future, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries both past and future; and has suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of his cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE: November 7, 2022

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiff*
10691 N. Kendall Drive – Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By:   */s/ Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No. 061451
ehernandez@ejh-law.com