United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Joseph Rosenberg, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-23642-Civ-Scola |
| | ) **In Admiralty** |
| NCL (Bahamas) Ltd. et al., | ) |
| Defendants. | ) |

### Omnibus Order Granting Motions to Dismiss

This matter is before the Court on Defendants NCL (Bahamas) Ltd.'s ("NCL") and One Spa World LLC, Steiner Transocean Limited, Steiner Management Services LLC, and Mandara Spa (Cruise II) LLC's (collectively the "Spa Defendants") respective motions to dismiss Plaintiff Joseph Rosenberg's complaint under Federal Rule of Civil Procedure 12(b)(6). (NCL's Mot., ECF No. 8; Spa Defs.' Mot., ECF No. 12.) Rosenberg has responded to each motion, and the Defendants have each replied. (Pl.'s Resp. NCL, ECF No. 13; Pl.'s Resp. Spa Defs., ECF No. 14; NCL Reply, ECF No. 16; Spa Defs.' Reply, ECF No. 17.) Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants** both motions. (**Mots., ECF Nos. 8, 12**.)[1]

### 1. Background[2]

Rosenberg was a passenger aboard the Norwegian *Getaway* in November 2021. While aboard the *Getaway*, Rosenberg was using the sauna when "a jet of hot steam came directly out of the bed of stones/coals and struck [him] directly on his right arm, hand, and wrist causing him to become startled." (Compl. ¶ 18, ECF No. 1) The hot steam caused Rosenberg to "stumble[] backwards in the sauna to brace himself and injure[] his right arm/wrist." (*Id.*) As a result, Rosenberg sustained "second degree burns to his right hand, arm, and face, and a broken finger on the right hand as well as a sprain of the right hand." (*Id.* ¶ 20.) Rosenberg claims that the conditions resulting in his accident

---

[1] The Court notes that Rosenberg unsuccessfully attempts to proceed under the Court's diversity jurisdiction. Among other defects, Rosenberg fails to allege the citizenship of all the LLC Defendants' members. *See Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). Because Rosenberg's allegations leave the Court unable to determine wether it has diversity jurisdiction over this case, the Court proceeds under its admiralty jurisdiction. *See* Fed. R. Civ. P. 9(h)(1).

[2] This background is based on the allegations in Rosenberg's complaint. For the purposes of evaluating the Defendants' motions, the Court accepts Rosenberg's factual allegations as true and construes the allegations in the light most favorable to him per Federal Rule of Civil Procedure 12(b)(6).

could only have occurred as a result of a malfunction in the spa, which NCL and the Spa Defendants knew or should have known about had they been exercising reasonable care. (*Id.* ¶¶ 29, 35, 54, 60.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted).

A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. In other words, a complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

### 3. Discussion

#### A. Rosenberg fails to allege enough facts to plausibly support his negligence claims against NCL and the Spa Defendants.

Rosenberg asserts four counts of negligence: one count against NCL and the Spa Defendants each for their purported failure to inspect, maintain, and service the *Getaway's* sauna (counts one and four) and one count against NCL and the Spa Defendants each for their purported failure to warn Rosenberg of the sauna's condition (counts two and five). The Defendants argue that these counts must be dismissed because Rosenberg does not allege any facts to support how they were on notice of the allegedly dangerous condition. (NCL's Mot. 2–6, ECF No. 8; Spa Defs.' Mot. 3–5, ECF No. 12.) The Court agrees.

"To prevail on a negligence claim, a plaintiff must show that (1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Guevara v. NCL*

*(Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (cleaned up). "With respect to the duty element in a maritime context, a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel." *Id.* (quotations omitted). To prevail on a negligence or failure-to-warn claim with respect to a dangerous condition, a plaintiff must show that the defendant "had actual or constructive notice of a risk-creating condition, at least where, as here, the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.* (cleaned up); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989) (requiring notice with respect to a duty-to-warn claim); *Horne v. Carnival Corp.*, 741 F. App'x 607, 609 (11th Cir. 2018) (requiring notice with respect to a failure-to-maintain claim). "A defendant can be deemed to be on actual notice where the defendant knows of the risk creating condition and on constructive notice when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Holland v. Carnival Corp.*, No. 20-21789-CIV, 2021 WL 86877, at *2 (S.D. Fla. Jan. 11, 2021) (Scola, J.) (cleaned up).

The Court finds that Rosenberg fails to adequately state a claim under counts one, two, four, and five because the complaint contains only "fact-free, wholly conclusory, boilerplate allegations" that Defendants knew or should have known about the purportedly dangerous condition of the sauna. *Doe v. NCL (Bahamas) Ltd.*, No. 16-cv-23733, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.); *see also* Fed. R. Civ. P. 8. As this Court has stated, where a plaintiff's pleading could be "interchangeably alleged against *any* cruise line defendant" the plaintiff has failed to adequately state a claim. *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *6 (S.D. Fla. Oct. 21, 2020) (Scola, J.). The Complaint provides no details supporting Rosenberg's allegations that NCL and the Spa Defendants knew or should have known of the sauna's malfunction. Such threadbare allegations fail to satisfy federal pleading standards.

While Rosenberg alleges that the sauna's allegedly dangerous condition occurred with "regularity" and that there were "prior similar incidents," he provides absolutely no details of complaints or facts specific to the *Getaway*, the *Getaway*'s crew, or even with respect to NCL or the Spa Defendants in support of his allegations. Rosenberg cannot simply state there are "prior incidents and/or complaints" in support of his claims without more. *See Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV, 2019 WL 8895223, at *4 (S.D. Fla. Nov. 15, 2019) (Scola, J.) (finding prior incidents must have an "apparent connection" to the plaintiff's case, and that the plaintiff must include factual allegations showing how prior incidents put the cruise line on notice of

a dangerous condition regarding the specific incident at issue); *see also Polanco v. Carnival Corp.*, No. 10-21716-Civ., 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (Jordan, J.) (finding allegations to be "meager" and "wholly conclusory" where a plaintiff provides "no details about the similar past incidents" mentioned in the complaint).

Further, in his responses to Defendants' motions to dismiss, Rosenberg argues that he has adequately pled notice by citing to his allegations pertaining to the specific incident resulting in his injuries. (Pl.'s Resp. NCL 4–6, ECF No. 13; Pl.'s Resp. Spa Defs. 4–6, ECF No. 14.) As examples, Rosenberg references his allegations that "a jet of hot steam came directly out of the bed of stones/coals," "[t]he 'jet' of steam was not the 'usual' steam, . . . [but] was atypical for the functions of a working sauna," "[t]he next day . . . the sauna was closed," and the incident "could have only occurred as a result of a malfunction," among others. However, even assuming the referenced allegations are sufficiently detailed, they do not support notice because they all pertain to Rosenberg's own incident and, thus, fail to indicate how NCL or the Spa Defendants should have known of the allegedly dangerous condition beforehand.

In sum, the Court concludes that Rosenberg fails to adequately allege that NCL and the Spa Defendants were on actual or constructive notice of the sauna's allegedly dangerous condition. Accordingly, the Court dismisses counts one, two, four, and five of the complaint.

### B. Rosenberg's claim for vicarious liability against NCL also fails.

Rosenberg also asserts one count of vicarious liability against NCL based on apparent agency (count three). NCL argues that, given the nature of the alleged incident, the notice requirement outlined above should also apply to Rosenberg's claim for vicarious liability and that Rosenberg is attempting to bypass the notice requirement by alleging vicarious liability. (NCL's Mot. 5–6, ECF No. 8.) The Court agrees.[3]

In *Holland v. Carnival*, 50 F.4th 1088 (11th Cir. 2022), the Eleventh Circuit recently held that, where a plaintiff brought allegations of vicarious liability against a defendant shipowner, the claims for vicarious liability did not withstand scrutiny and must be considered claims for the shipowner's direct negligence where there was "nothing in [the plaintiff's] complaint that would lead one to understand his claims as seeking to impose liability on an

---

[3] Because the Court concludes that Rosenberg fails to adequately plead a claim for vicarious liability against NCL, it need not address the latter's additional argument that count three of the complaint is a shotgun pleading.

otherwise nonfaulty [shipowner] for an employee's negligence." *Id.* at 1094. There, the plaintiff based his complaint on allegations that the shipowner "'was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers' to maintain a hazard[-]free stairway or to warn of any hazardous condition on the stairway." *Id.* Crucially, the Eleventh Circuit observed that the plaintiff "did not identify any specific crewmember whose negligence caused [his] injury." *Id.*

Here, not only does Rosenberg fail to identify any specific crewmember whose negligence caused his injury, he also fails to specifically allege negligence by any NCL employee at all. Rosenberg argues that "[w]here, as here, an employee(s) is alleged to have been negligent in maintenance, a passenger plaintiff does not need to prove that a cruise line defendenat had actual or constructive notice of a risk-creating condition in order for the defendant to be liable for the negligent acts of its employee(s)." (Pl.'s Resp. NCL 6, ECF No. 13.) However, count three is devoid of any allegations relating to the negligece of any NCL employee. Indeed, in support of his argument that he "has specifically alleged what the negligence of Defendant's employee(s) was," Rosenberg quotes paragraphs that correspond to another of the complaint's counts. (*Id.* at 6-7.) Rosenberg cannot "avoid pleading the elements necessary to allege [NCL's] direct liability for negligent maintenance and failure to warn by titling his claims as claims for vicarious liability and asserting in a conclusory allegation that [NCL] was vicariously liable for any negligent action by any of its crewmembers." *Holland*, 50 F.4th at 1097.

Accordingly, the Court concludes that Rosenberg also fails to adequately allege vicarious liability as to NCL and dismisses count three of the complaint.

### 4. Conclusion

For the reasons stated above, the Court **grants** NCL and the Spa Defendants' respective motions to dismiss the complaint (**Mots., ECF Nos. 8, 12**), thus dismissing Rosenberg's case **with prejudice**.

Additionally, the Court dismisses Rosenberg's complaint **without leave to amend**. Rosenberg has not requested leave to amend; nor has he indicated any inclination to do so. *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."); *compare with Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783,

786 (11th Cir. 2015) ("A pro se plaintiff, however, *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim.") (cleaned up) (emphasis in original).

Finally, the Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida on February 1, 2023.

_____
Robert N. Scola, Jr.
United States District Judge